| | |
|---|---|
| Liz Boydston (SBN 24053684) | Max Schlan (*Pro Hac Vice* Pending) |
| Alexandria Rahn (SBN 24110246) | Gutnicki LLP |
| Gutnicki LLP | 45 Rockefeller Plaza |
| 10440 N. Central Expy., Suite 800 | Suite 2000 |
| Dallas, Texas 75231 | New York, New York 10111 |
| Telephone: (469) 895-4413 | Telephone: (646) 825-2330 |
| Facsimile: (469) 895-4413 | Facsimile: (646) 825-2330 |
| lboydston@gutnicki.com | mschlan@gutnicki.com |
| arahn@gutnicki.com | |

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PM Management - Killeen I NC LLC, et al.,[1] | § | Case No. 24-30240 (sgj) |
| | § | |
| Debtors. | § | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER EXTENDING
TIME FOR FILING SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

The above-captioned debtors and debtors in possession (the "**Debtors**") hereby move (the "**Motion**") for entry of an order, substantially in the form of Exhibit A attached hereto (the "**Proposed Order**"), pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 1007(c) and 9006(b) of Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"); and Rule 1007-1(b) of the Local Rules of Bankruptcy Practice and

---

[1] The Debtors in these subchapter V of chapter 11 cases, along with the last four digits of each Debtor's EIN are PM Management - Killeen I NC LLC (3105), PM Management - Killeen II NC LLC (3179), PM Management - Killeen III NC LLC (3245), and PM Management – Portfolio VIII NC LLC (3048).

1

Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**"), extending the deadline by which the Debtors must file required Schedules and Statements (as defined below) by eighteen (18) days. In support of the Motion, the Debtors rely upon the *Declaration of Kevin O'Halloran, Chief Restructuring Officer of PM Management - Killeen I NC LLC, in Support of Subchapter V of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**"), to be filed before the first-day hearing. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The Debtors consent to entry of a final order under Article III of the United States Constitution.

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a) and 521, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1(b).

## BACKGROUND

4. On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court commencing a case for relief and electing to proceed under subchapter V of chapter 11 of the Bankruptcy Code (the "**Cases**").

5. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Cases is set forth in the First Day Declaration and incorporated herein by reference.

6. The Debtors continue to operate their businesses and manage their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7. No trustee or examiner, or official committee of unsecured creditors has been appointed in the Cases.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1007(c), extending the deadline to file their (a) schedules of assets and liabilities, (b) schedules of executory contracts and unexpired leases, and (c) statements of financial affairs (collectively, the "**Schedules and Statements**") by an additional eighteen (18) days, from the date such Schedules and Statements are otherwise required to be filed, to thirty-two (32) total days from the Petition Date, without prejudice to the Debtors' ability to request additional time to file the Schedules and Statements should it become necessary.

## BASIS FOR RELIEF

9. Bankruptcy Code section 521 and Bankruptcy Rule 1007(c) require a debtor to file, among other things, its schedules of assets and liabilities, schedules of current income and current expenditures, and a statement of financial affairs within fourteen days of the petition date. Bankruptcy Rule 1007(c) also allows an extension "on motion for cause shown."

10. Here, good and sufficient cause exists under Bankruptcy Rule 1007(c) to grant the Motion. As detailed in the First Day Declaration, the Debtors have had limited time to prepare to file these Cases. Given the amount of work required to complete the Schedules and Statements, and the competing demands on the Debtors' employees and professionals to continue to maximize the Debtors' business operations during the initial phase of these Cases and to provide continued support to the Debtors' efforts to execute a restructuring strategy, the Debtors likely will not be able to properly and accurately complete the Schedules and Statements within the initial fourteen-day period prescribed by Bankruptcy Rule 1007(c). To completely and accurately file

Schedules and Statements, the Debtors must collect, review, and analyze a substantial amount of information.

11. Creditors and other parties in interest will not be harmed by the proposed extension of the filing deadline, because, even under the extended deadline, the Schedules and Statements would be filed in advance of any planned bar date or other significant event in these Cases.

12. Moreover, courts in this and other districts have granted similar relief in chapter 11 cases. *See, e.g.*, *In re Think Finance, LLC*, Case No. 17-33964 (HDH) (Bankr. N.D. Tex. Oct. 27, 2017) [Doc. No. 26] (granting 22-day extension); *In re Erickson Incorporated*, Case No. 16-34393 (HDH) (Bankr. N.D. Tex. Nov. 10, 2016) [Doc. No. 50] (granting 30-day extension); *Forest Park Medical Center at Southlake, LLC*, Case No. 16-40273 (RFN) (Bankr. N.D. Tex. Feb. 2, 2016, Mar. 4, 2016) [Doc. Nos. 73, 143] (granting initial 24-day extension and subsequent additional 7-day extension); *In re Energy & Exploration Partners, Inc.*, Case No. 15- 45931 (RFN) (Bankr. N.D. Tex. Dec. 7, 2015) [Doc. No. 41] (granting 44-day extension); *Pennington Investment Corporation*, Case No. 15-42416 (RFN) (Bankr. N.D. Tex. June 25, 2015) [Doc. No. 39] (granting 30-day extension); *In re ALCO Stores, Inc.*, Case No. 14-34941 (SGJ) (Bankr. N.D. Tex. Oct. 16, 2014) [Doc. No. 66] (granting 40-day extension); *In re Texas Rangers Baseball Partners*, Case No. 10-43400 (DML) (Bankr. N.D. Tex. May 24, 2010) [Doc. No. 45] (granting 21-day extension); *see also In re James River Coal Co.,* No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 10, 2014) [Doc. No. 88] (granting 60-day extension and authorizing the U.S. Trustee to convene the section 341 meeting on a date that is more than 40 days after the commencement date); *In re AMF Bowling Worldwide, Inc.*, Case No. 12-36495 (KRH) (Bankr. E.D. Va. Nov. 14, 2012) [Doc. No. 63] (granting a 45-day extension and authorizing the U.S. Trustee to convene the section 341 meeting 65 days after commencement date).

13. Prior to the Petition Date, the Debtors, counsel, and other parties in interest focused extensively on preparing for the filing and transitioning the business into the chapter 11 process. The Debtors are working expeditiously to prepare and file their Schedules and Statements, however, given the amount of information required to adequately prepare such Schedules and Statements, the Debtors respectfully request an extension of eighteen (18) days, without prejudice to the Debtors' right to request further extensions, for cause shown.

## CONSENT TO JURISDICTION

14. The Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## NOTICE

15. Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) the Texas Office of the Attorney General; (c) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis; (d) the Department of Medicaid, Department of Health, and Division of Health Services Regulation in Texas.; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002.

16. The Debtors respectfully submit that such notice is sufficient and that no further notice of this Motion is required.

## NO PRIOR REQUEST

17. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order attached hereto as <u>Exhibit A</u>, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: January 29, 2024
Dallas, Texas

**GUTNICKI LLP**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 895-4413
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (*Pro Hac Vice* Pending)
Gutnicki LLP
45 Rockefeller Plaza
Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646) 825-2330
mschlan@gutnicki.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 1007-1(b), I hereby certify that Max Schlan, proposed counsel for the Debtors, shared a draft copy of this Motion with the U.S. Trustee via email on the Petition Date and offered to hold a conference on the Motion, if necessary. A resolution on the terms of the Motion were reached via email.

/s/ Liz Boydston
Liz Boydston

## **Exhibit A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| PM Management - Killeen I NC LLC, et al.,[1] | § § | Case No. 24-30240 (sgj) |
| Debtors. | § § § | (Joint Administration Requested) |

**ORDER EXTENDING TIME FOR FILING SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") extending the deadline by which the Debtors must file their Schedules and Statements by eighteen

---

[1] The Debtors in these subchapter V of chapter 11 cases, along with the last four digits of each Debtor's EIN are PM Management - Killeen I NC LLC (3105), PM Management - Killeen II NC LLC (3179), PM Management - Killeen III NC LLC (3245), and PM Management – Portfolio VIII NC LLC (3048).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

(18) days; the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Debtors consent to entry of a final order under Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is GRANTED as set forth herein.

2.  The time by which the Debtors must file their Schedules and Statements shall be and hereby is extended through and including March 1, 2024; <u>provided</u>, <u>however</u>, the Debtors may seek additional extensions upon notice and a hearing.

3.  Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4.  This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

**###End of Order###**

Order submitted by:

**GUTNICKI LLP**

*/s/ Liz Boydston*
Liz Boydston (SBN 24053684)
Alexandria Rahn (SBN 24110246)
10440 N. Central Expy., Suite 800
Dallas, Texas 75231
Telephone: (469) 895-4413
Facsimile: (469) 895-4413
lboydston@gutnicki.com
arahn@gutnicki.com

-and-

Max Schlan (*Pro Hac Vice* Pending)
Gutnicki LLP
45 Rockefeller Plaza
Suite 2000
New York, New York 10111
Telephone: (646) 825-2330
Facsimile: (646) 825-2330
mschlan@gutnicki.com

*Proposed Counsel to the Debtors and Debtors in Possession*